NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3264

SAMUEL SMITH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:   February 23, 2006

_____

Before MICHEL, Chief Judge, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Samuel Smith ("Smith") petitions this court to review the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Smith v. Dep't of Veterans Affairs, No. PH-0752-04-0119-I-1 (May 11, 2005) (Final Order).  Because Smith has not shown the Board erred, we affirm.

I

On January 31, 2003, Smith was removed from his position as a part-time food service employee for the Department of Veterans Affairs ("agency") based on the sustained charge of using insulting, abusive, and obscene language.  Smith timely

appealed the agency's decision to the Board. The appeal was resolved by a last chance settlement agreement ("LCSA"). The terms of the LCSA provided, in pertinent part, that Smith must maintain conduct acceptable to his supervisors, and it stated that Smith's obligation "extends to all aspects of conduct affecting the workplace, including but not limited to abusive/threatening language, aggressive behavior, punctuality, attendance, and leave usage." According to the LCSA, if Smith failed to comply with the obligations under the agreement, the removal that was imposed on January 31, 2003 would immediately revive, with no further right to appeal concerning the removal or the decision resulting in the revival of that removal. Upon execution of the LCSA, Smith returned to work.

On June 15, 2003, Smith was scheduled to report to duty for his 6:30 a.m. to 10:30 a.m. work shift. Smith failed to report to duty and did not inform his supervisor of his absence. The agency provided notice to Smith of a proposed reprimand for his four hours of absence without leave and failure to follow leave procedures. Pursuant to the LCSA, on July 7, 2003, the agency revived the prior removal action, and Smith was removed from his position. Smith appealed his removal to the Board.

In an initial decision, the Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction because, under the LCSA, Smith waived his rights to appeal his removal. Smith v. Dep't of Veterans Affairs, No. PH-0752-04-0119-I-1 (July 21, 2004) (Initial Decision). Finding that it was Smith's responsibility to check the posted schedule, and that he was aware of the requirements of the LCSA, the AJ determined that Smith's unexcused absence violated the LCSA. Smith, slip op. at 9. In addition, the AJ found that Smith had knowingly and voluntarily entered into the LCSA, and that

the agency did not breach the LCSA. Id. at 6-9. Smith petitioned the Board for review and was denied. The initial decision became final on May 11, 2005. Smith timely appealed and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

A

Our scope of review in an appeal from a Board decision is limited. This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994). We must accept the Board's factual determinations if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. U.S. Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981).

B

Smith argues that the Board erred in dismissing his petition for lack of jurisdiction. We disagree.

It is well established that government employees may waive their right of appeal in exchange for a last chance opportunity to retain their employment. See, e. g., Stewart v. U.S. Postal Serv., 926 F.2d 1146, 1148-49 (Fed. Cir. 1991); McCall v. U.S. Postal Serv., 839 F.2d 664, 666-68 (Fed. Cir. 1988). To overcome a waiver of appeal rights in an LCSA, the appellant must show that he complied with the agreement, that the agency breached the agreement in a material way, or that he did not knowingly and

voluntarily enter into the agreement.  <u>Link v. Dep't of Treasury</u>, 51 F.3d 1577, 1582-83 (Fed. Cir. 1995).

Smith asserts that he did not waive his appeal rights in the LCSA because he complied with the LCSA as "best as possible under the circumstances."  To support his contention, Smith states that he was unaware of the posted work schedule and that his absence was an honest mistake.  The LCSA expressly provides that even one instance of discipline will be cause for his immediate removal.  Further, the Board found that it was Smith's responsibility to check the work schedule and that he was adequately reminded of his obligations under the LCSA.  <u>Smith</u>, slip op. at 4-6.  Thus, the Board correctly determined that Smith failed to show he complied with the LCSA.

Smith further contends that the agency breached the LCSA because his removal was discriminatory based on race.  We lack the jurisdiction to decide Smith's racial discrimination and the claim before us is therefore waived.  Smith makes no factual allegations to support his contention.  The Board correctly determined that Smith failed to show that his removal was racially motivated or that he was treated differently than similarly situated employees not members of his protected class.  <u>Smith</u>, slip op. at 6.

Finally, Smith alleges that witness statements used to support his initial removal lacked credibility.  Smith improperly attempts to raise an argument regarding evidence supporting his initial removal.  To the extent that Smith's claim rests upon a challenge to the presiding judge's credibility determination, such a determination is virtually unreviewable by this court.  <u>Hambsch v. Dep't of Treasury</u>, 796 F.2d 430, 436 (Fed. Cir. 1986).  Thus, we decline to address Smith's credibility challenge.

Smith fails to show that the Board made an error of law when it determined that the parties had entered into a valid LCSA. The Board's determination that Smith has not shown that he complied with the LCSA or that the agency breached the LCSA is supported by substantial evidence. Thus, the Board lacked jurisdiction to review his petition.

III

We affirm the judgment of the Board. Each side shall bear its own costs.